IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PAULA FESENMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-00850-CV-W-DGK |
| | ) | |
| CITY OF KANSAS CITY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS TO DISMISS

Pro se Plaintiff Paula Fesenmeyer brings this claim against Defendants PARS Engineering, Inc. ("PARS"), Taliaferro & Browne ("T&B"), and the City of Kansas City, Missouri ("the City") for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, violations of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.*, and common law fraud. According to Plaintiff's Petition, all of these causes of action stem from a city construction project at Eastwood Trafficway and Blue Parkway in Kansas City, Missouri.

Now before the Court are Defendant Kansas City, Missouri's Motion to Dismiss for Failure to State a Claim (Doc. 4), Defendant Taliaferro & Browne's Motion to Dismiss for Failure to State a Claim (Doc. 8), and Plaintiff's Motions for Default Judgment Against Defendant PARS (Docs. 30, 32, 33). For the reasons set forth below, the City's Motion to Dismiss and Taliaferro & Browne's Motion to Dismiss are GRANTED. Plaintiff's Motions for Default Judgment are DENIED and the Court sua sponte DISMISSES Plaintiff's action against Defendant PARS for failure to state a claim.

1

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, a court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). While courts will accept plaintiff's factual allegations as true, a court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). Additionally, while a pro se complaint should be read liberally, it still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (holding that a court need not "supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded").

A district court "sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

**Factual Background**

Assuming the factual allegations in the Petition are true and construing them in the light most favorable to Plaintiff, the facts are as follows.

Plaintiff Paula Fesenmeyer is "visually and vocally impaired." Pl.'s Pet. at ¶ 6 (Doc. 1-1). She resides on East 52nd Terrace in Kansas City, Missouri (*Id.* at ¶ 1).

On September 25, 2013, Plaintiff "first discovered" that Defendants, the City and two private contractors, PARS and T&B, had initiated a construction project at Blue Parkway and Eastwood Trafficway ("the Project") (*Id.* at ¶ 12). The Project restricts left-turn access to 52nd

Terrace from Blue Parkway and left-turn access from 52nd Terrace onto Blue Parkway (*Id.* at ¶ 17). Due to a high volume of traffic, a line of cars seeking to turn left from Blue Parkway to Eastwood Trafficway frequently blocks 52nd Terrace (*Id.*). This access restriction affects emergency vehicles attempting to reach residents on East 52nd Terrace (*Id.* at ¶¶ 42, 43). The Project also restricts Plaintiff's access to the Eastwood Trafficway bus stops (*Id.* at ¶¶ 22, 34), and does not comply with the area plan or the city's comprehensive plan regarding accommodations for pedestrians and mass transit development (*Id.* at ¶¶ 19, 21).

## Discussion

### I. Plaintiff fails to plead any facts illustrating that she was discriminated against on the basis of her disability, and therefore fails to state a claim under the ADA.

Plaintiff first argues that the Project is not in compliance with the ADA, asserting discrimination based on denial of access to public services (*See, e.g.,* Doc. 1-1 at ¶ 22).[1] The City maintains that Plaintiff has failed to allege facts illustrating that she has been excluded from participation in any service, program, or activity by reason of her disability and therefore has not met the three necessary elements to state a claim for relief (Doc. 5 at 5).

Under the ADA, "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). The term "public entity" is defined as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). To state a claim under this provision, a plaintiff must show that: "1) [s]he is a person with a disability as defined by statute; 2) [s]he is otherwise

---

[1] Plaintiff also mentions Title III of the ADA in her Petition (*See, e.g.*, Doc. 1-1 at ¶ 38). However, Plaintiff does not allege any facts indicating that she was denied access to a place of public accommodation operated by a private entity. *See* 42 U.S.C. § 2000a.

qualified for the benefit in question; and 3) [s]he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

Assuming Plaintiff is "disabled" under the ADA, she has failed to plead facts sufficient to show that she was denied access to 52nd Terrace, the Kansas City bus system, or emergency services solely by reason of her visual or vocal impairments. Even taking the facts in the light most favorable to Plaintiff, the Petition indicates that other, non-disabled individuals residing on East 52nd Terrace are subject to the same restricted access to the road, the bus stop, and emergency services.

Further, Plaintiff fails to plead facts illustrating that Defendants T&B and PARS are "public entities" or an "instrumentality of a State" for purposes of Title II of the ADA. 42 U.S.C. § 12131. Because "contractual relationships between private and government entities are not sufficient to render the private entities instrumentalities under Title II," the Court finds that T&B and PARS are not subject to liability under Title II on the basis of their engineering and construction contracts with the City. *Castle v. Eurofresh, Inc.*, 734 F. Supp. 2d 938, 943 (D. Ariz. 2010); *see also Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006) (holding that "instrumentality" as used in Title II of the ADA means that the entity "must somehow belong to the government or have been created by it").

Because Plaintiff fails to plead any facts that she is being discriminated against on the basis of her disability, or that Defendants T&B and PARS are public entities under Title II, this claim is DISMISSED without prejudice.

II.     **Plaintiff fails to state a claim for retaliation under 42 U.S.C. § 12203.**

Plaintiff next argues that the Project was initiated in retaliation for her prior litigation against the Land Bank of Kansas City (the "Land Bank"), in which she alleged violations of the

4

ADA (*See* Doc. 1-1 at ¶¶ 11, 17).[2] The City argues that Plaintiff has failed to establish a causal connection between the Project and her prior lawsuits.

To establish a prima facie case of retaliation under the ADA, a plaintiff must demonstrate "(1) that [s]he engaged in a statutorily protected activity; (2) that an adverse action was taken against [her]; and (3) a causal connection between the adverse action and the protected activity." *Merson v. St. Louis Univ.*, 442 F.3d 1069, 1074 (8th Cir. 2006); *see also* 42 U.S.C. § 12203.

Here, Plaintiff asserts that her previous lawsuits against the Land Bank constituted statutorily protected activity and that the Project is an adverse action taken against her. Even assuming, *arguendo*, that the Petition's allegations satisfy the first two requirements for a prima facie retaliation case, Plaintiff fails to plead any facts establishing a plausible causal connection between the events. For example, Plaintiff filed her first lawsuit against the Land Bank on September 20, 2013. She became aware of the City's construction project a mere five days later, on September 25, 2013. For the Court to accept Plaintiff's assertion that the Project was initiated in retaliation for her September 20, 2013, lawsuit, it would have to believe that the City learned of Plaintiff's lawsuit and immediately conspired with Defendants T&B and PARS to restrict Plaintiff's access to 52nd Terrace and to the Blue Trafficway bus stop. This plan was then put into action so quickly that Plaintiff "first discovered" the Project within five days of the lawsuit's filing, presumably by Defendants beginning work on the project or erecting signage identifying the Project. The Court is not required to accept such an unreasonable inferential leap. *Silver*, 105 F.3d at 397.

---

[2] *Fesenmeyer v. Land Bank of KC, et al.,* No. 1316-CV23899 (Mo. Cir. Ct. 2014) (dismissed March 28, 2014); *Fesenmeyer v. Land Bank of KC, et al.,* No. 15-0164-CV-W-SRB (W.D. Mo. 2015) (dismissed June 18, 2015). Notably, the first action was filed on September 20, 2013 (Doc. 1-1 at ¶ 11).

Because Plaintiff has failed to nudge her retaliation claim "across the line from conceivable to plausible," the claim is DISMISSED without prejudice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Finally, Plaintiff asserts that Defendants violated the MHRA and committed common law fraud (*See* Doc. 1-1 at ¶¶ 7, 27-29).

A district court "may decline to exercise supplemental jurisdiction" over related claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Because the Court has dismissed every count over which it had original federal question jurisdiction, and seeing no reason why it should exercise supplemental jurisdiction over Plaintiff's state law claims, these claims are DISMISSED without prejudice.

### Conclusion

For the reasons stated above, Defendant Kansas City, Missouri's Motion to Dismiss (Doc. 4) and Defendant Taliaferro & Browne's Motion to Dismiss (Doc. 8) are GRANTED. Because Plaintiff cannot prevail against any defendant on the facts alleged and has had ample opportunity to address the deficiencies identified above, the Court sua sponte DISMISSES the claims against Defendant PARS. Plaintiff's Motions for Default Judgment Against Defendant PARS (Docs. 30, 32, 33, 38) are DENIED. Plaintiff's Motion for Reasonable Accommodation (Doc. 28), Motion for Temporary Injunction (Doc. 29), and Motions to File Sur-Replies (Docs. 16, 18, 22) are DENIED as moot. Defendant T&B's Motion for Extension of Time to File a Response (Doc. 35) and Motion for Extension of Time to Complete Discovery (Doc. 38) are DENIED as moot.

**IT IS SO ORDERED.**

                                                        /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT

DATED:  June 6, 2016