IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAULA FESENMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-00850-CV-W-DGK |
| ) | |
| CITY OF KANSAS CITY, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Pro se Plaintiff Paula Fesenmeyer brought this claim against Defendants PARS Engineering, Inc., Taliaferro & Browne ("T&B"), and the City of Kansas City, Missouri, for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, violations of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.*, and common law fraud. On June 6, 2016, the Court dismissed this action for failure to state a claim.

Now before the Court is Plaintiff's Motion for Reconsideration of the June 6, 2016, Dismissal Order (Doc. 46). For the reasons set forth below, the motion is DENIED.

The Federal Rules of Civil Procedure do not include a "motion to reconsider." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Id*.

Rule 60(b) applies to final judgments or orders and may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed.

1

1995). A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal Cty., Texas*, 51 F.3d 117, 119 (8th Cir. 1995)). A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994).

Plaintiff has not demonstrated that such "exceptional circumstances" exist here. As for the underlying discrimination claims, Plaintiff's motion restates facts previously considered by the Court in dismissing the case. Plaintiff's new addition is the charge that James W. Tippin, attorney of record for T&B, breached his duty to her as a former client.[1] *See* Mo. Sup. Ct. R. 4-1.9. While an undisclosed conflict of interest may be grounds for a malpractice suit, it alone does not amount to an "exceptional circumstance" requiring relief from a final judgment. *See In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 456 F.Supp.2d 131, 140-41 (D. Me. 2006) (finding that allegations of attorneys' conflict of interest did not rise to the level of "fraud on the court"). Accordingly, Plaintiff's Motion to Reconsider (Doc. 46) is DENIED.

**IT IS SO ORDERED.**

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July 15, 2016

---

[1] Plaintiff asserts that James Tippin & Associates was assigned to represent the 720 tenants of Twin Oaks Apartments, including Plaintiff, in a 2005 lawsuit (Doc. 46 ¶ 20).